**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNE ROSSETTI, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| CELL ASSIST 1 2 3, LLC, | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Jeanne Rossetti, individually and on behalf of all others similarly situated, through her undersigned counsel, brings this class action complaint against Defendant Cell Assist 1 2 3, LLC ("Cell Assist" or "Defendant") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://www.pewinternet.org/~/media/Files/Reports/2010/PIP_Adults_Cellphones_Report_2010.pdf (last visited August 10, 2012).

2. In one such effort to promote its Premium SMS Locator Services, Defendant engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout Illinois and the United States.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of herself and the class defined herein, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("Telephone Consumer Protection Act" or "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff, Jeanne Rossetti, is a natural person domiciled and residing in Plainfield, Illinois. Plaintiff is a member of the class defined herein.

7. Defendant Cell Assist 123, LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Henderson, Nevada. A nationwide provider of information and telecommunications services, Defendant does business throughout the United States, including in this District.

**JURISDICTION & VENUE**

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

9. Personal jurisdiction over Defendant is proper under 735 ILCS 5/2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(b)(4), and (c).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendant resides in this District and because a substantial part of the events giving rise to the claim occurred in this District including, inter alia, the transmission of unsolicited text messages to Plaintiff's and other persons and wireless telephone numbers located in this District.

**COMMON ALLEGATIONS OF FACT**

11. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's

person, calls to cellular telephones, including SMS messages, may be instantly received by the called party virtually anywhere worldwide.

14. Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15. Over the course of an extended period beginning in at least 2012, Defendant and its agents directed the mass transmission of wireless spam to the cell phone numbers in Illinois and throughout the United States in an unlawful effort to market its so-called Premiums SMS Locator Services.

16. In this case, on July 27, 2012, at 1:17 p.m. Central Daylight Time, one of the cell phones registered to Plaintiff's account rang, indicating that a text call was being received.

17. The "from" field of such transmission was identified cryptically as "254-34," a format which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendant or an one of its agents on its behalf. A true and correct image of the text message appears below:




18. The website contained in the above text message, www.numsvc.com, is owned and operated by Defendant and/or its agents and similarly promotes Defendant's products.

19. Defendant's and its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

20. At no time did Plaintiff consent to the receipt of the above-referenced text message or any other wireless spam from Defendant.

**CLASS ACTION ALLEGATIONS**

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized text message advertisements from or sent on behalf of Cell Assist.

Excluded from the Class are Defendant and any of its officers, directors or employees, the presiding judge, and members of their immediate families. Plaintiff hereby reserves her right to amend the above class and subclass definition based on discovery and the proofs at trial.

22. In order to make its *en masse* transmissions of text message advertisements economical, Defendant and its agents used one or more short codes to transmit the text messages to thousands of consumers' cellular telephone numbers. As such, the Class consists of thousands of individuals and other entities, making joinder impracticable.

23. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

24. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the

members of the Class.

26. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless spam.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) whether the wireless spam Defendant distributed violates the TCPA;

(b) whether Plaintiff and class members are entitled to treble damages based on the willfulness of Defendant's conduct; and

(c) whether the conduct alleged herein above violated class members' right to privacy.

**COUNT I**

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*)**

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. By using such equipment,

Defendant was able to effectively send text messages to thousands of consumers' wireless telephone numbers without human intervention.

30. These text calls were made *en masse* through the use of a short code without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

31. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA. As a result of Defendant's conduct, Plaintiff and the members of the class suffered actual damages by having to pay their respective wireless carriers for their receipt of such text messages where applicable and, under Section 227(b)(3)(B) of the TCPA, are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such act.

32. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to Section 227(b)(3)(C) of the TCPA, treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff, Jeanne Rossetti, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above and appointing Plaintiff as representative of the Class and her counsel as Class counsel;

B. An award of actual and statutory damages;

C. An injunction requiring Defendant to cease all wireless spam activities;

D. An award of reasonable attorneys' fees and costs; and

E. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on issues so triable.

DATED: August 11, 2012

Respectfully submitted,

JEANNE ROSSETTI

By: /s/ William M. Sweetnam
One of Her Attorneys

William M. Sweetnam
*wms@sweetnamllc.com*
SWEETNAM LLC
707 Skokie Boulevard, Suite 600
(847) 559-9040
(847) 919-4399 (fax)

Eric C. Brunick
*ebrunick@brunickllc.com*
BRUNICK LLC
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 262-5908
(312) 854-8001 (fax)

*Attorneys for Plaintiff and the Class*